### Ohio & Mississippi Ry. Co. v. Brown.

1. *Variance, Pleading and Evidence.*—It is a general rule that an objection on the ground of a variance between the pleadings and the proofs must be specific and must set out the ground relied upon, so that the plaintiff may avoid the objection by an amendment.

2. *Pleadings—Implied Obligations.*—Where the action was for failure to keep an implied obligation that the shipper of live stock should have time to sign a certain written contract, required by the rules of the carrier, before the starting of the train, whereby the shipper was prevented from taking the train, and thereby the stock were damaged for the want of his care and attention, it was not necessary to set out the written contract according to its legal effect in the declaration, nor to show a compliance with its conditions, as to the time and manner of preferring a claim for damages.

**Memorandum.**—Action for damages. Appeal from a judgment for plaintiff rendered by the Circuit Court of Cass County; the Hon. LYMAN LACEY, Circuit Judge, presiding. Heard in this court at the November term A. D. 1892, and affirmed. Opinion filed March 6, 1893.

APPELLANT'S BRIEF, POLLARD & WERNER, ATTORNEYS, HENRY PHILLIPS, OF COUNSEL.

" The plaintiff being bound to state his contract correctly, it follows that a misstatement of the quality or nature of defendant's promise, and his consequent liability, will be a fatal error, and will, if the defendant's plea put the fact in issue, subject the plaintiff to a non-suit. If the defendant's promise or engagement, whether it be verbal, in writing, or under seal, embody or contain, as a part of it, an exception or proviso which qualifies his liability, or in certain instances renders him altogether irresponsible, so that he was not in law absolutely bound, the declaration must notice the exception or proviso, or there will be a fatal misstatement. Thus, where the declaration stated that the defendant had under-

taken to carry and deliver goods safely, and the contract proved was to carry and deliver them safely, fire and robbery excepted, it was held that there was a fatal variance." 1 Chitty on Pleading (13th Am. Ed. 1859), pp. 308, 309.

This question has recently been considered by our Supreme Court, in the case of Wabash Western Ry. Co. v. Friedman (March 24, 1892), 30 Northeastern Rep. 353, and the law, as laid down by Chitty, followed.

APPELLEE'S BRIEF, R. W. MILLS, ATTORNEY.

This suit not being upon a contract but for an alleged willful omission of a plain duty, the limitation and terms of the contract are not applicable or binding on the plaintiff. But if it were a suit upon the contract, or if the contract in any way affected the plaintiff's rights in the suit, neither the limitation of six months nor the requirement of a written claim for damages in ten days would affect his right to recover. Courts will not permit a contract to be interposed as a shield against gross negligence or willful neglect of duty by a common carrier. I. C. R. R. Co. v. Read, 37 Ill. 484; Arnold v. I. C. R. R. Co., 83 Id. 273; J. S. E. R. R. Co. v. Southworth, 135 Id. 250.

OPINION OF THE COURT, WALL, J.

This case was before us at a former term (November, 1891) and need not be re-stated. The point relied upon by the plaintiff then, was that the train did not stop at the platform so as to allow him to get aboard.

An additional count has since been filed, in which it is alleged that the defendant did not allow the plaintiff sufficient time after the stock were loaded to procure his shipping contract and board the train, whereby he was prevented from going on the same train with the stock and taking care of the same, and for the want of such attention the stock was injured, etc.

It is urged the court erred in allowing the plaintiff to introduce the written contract in evidence before the jury, because it is not the contract set out in the declaration.

The declaration does not undertake to describe the contract, and refers to it only as matter of inducement. The defendant made no objection on the ground of variance, but objected generally to the admission of the evidence. It is a general rule that an objection for variance must set out the specific ground relied on, so that the plaintiff may avoid the objection by an amendment. In the case of Wabash R. R. Co. v. Friedman, 30 N. E. Rep. 353, cited by the appellant in support of this point, the objection was specifically made, and the Supreme Court say the plaintiff might have amended but chose not to do so.

We are, however, inclined to think it was not necessary to describe the contract in the declaration.

The plaintiff's complaint is, that the defendant undertook to carry the stock and the owner for a certain consideration—that by the rules of the carrier it was necessary for the shipper to execute a written contract before he could take passage on the train—and that it was the duty of the carrier to give sufficient time to comply with these rules. The action is not for negligence in transporting the stock, but for not performing an implied obligation to give sufficient time after loading the stock, to enable the shipper to board the train. In this view of the matter it was not necessary for the plaintiff to set out the contract according to its legal effect in the declaration, nor to show a compliance with its conditions as to the time and manner of preferring his claim for damages. Indeed we do not see that it was necessary to offer it in evidence at all. Having sold the plaintiff the right to travel upon a particular train, it was the duty of the defendant to give him a reasonable opportunity to take passage thereon, and if it failed to do so, it became liable for all proximate damages occasioned thereby.

Therefore, the only question for the jury was, whether sufficient time was afforded after the stock were loaded and before the train started. There was conflict as to this, the evidence offered by plaintiff tending to support his contention, and that for defendant tending the other way.

Nobody knows precisely how many minutes elapsed, and the estimates vary considerably, as might be expected.

It is urged as error, that one witness was allowed to state that after plaintiff had got his contract, there was not time to walk down to the place where the train was before it started, because this called for the opinion of the witness. It was a matter of opinion as to the distance, the time required to walk it, and the time actually allowed. He would have been permitted to give his estimate as to all these in detail, and we think there was no error in allowing him to give it as to all in one statement, especially as we find he was thoroughly examined and cross-examined as to all the circumstances, including the location, distances, what transpired and the like.

It is urged the court erred in giving the first instruction, because it ignored the various terms and conditions of the contract as to gross negligence, etc. As we have already observed, the plaintiff was not suing for a violation of the terms of the contract.

We find no error in the record of such importance as to require us to reverse the judgment. It will therefore be affirmed.